UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES D. BOND,

                Petitioner,

          v.                       CAUSE NO.: 3:18-CV-876-RLM-MGG

SHERIFF,

                Respondent.

<u>OPINION AND ORDER</u>

James D. Bond, a prisoner without a lawyer, has filed what purports to be a habeas corpus petition under 28 U.S.C. § 2254 challenging his 2018 theft conviction in St. Joseph County Court. (ECF 1.) Before this court can consider a habeas corpus petition challenging a State proceeding, the petitioner must have previously presented his claim to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." <u>Lewis v. Sternes</u>, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

Mr. Bond hasn't presented his claims to the Indiana Supreme Court. Mr. Bond hasn't exhausted his State court remedies and this case must be dismissed without prejudice so that he can exhaust this claim in the State courts. If, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to federal court and file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006). Mr. Bond has at least one-year from when his conviction became final to seek federal habeas review. *See* 28 U.S.C. § 2244(d)(1). He was convicted less than five months ago, so dismissing this petition won't effectively end Mr. Bond's chance at federal habeas corpus review, and a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, this court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). As previously explained, the claim Mr. Bond presents is unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

It appears that, instead of filing a petition pursuant to 28 U.S.C. § 2254, Mr. Bond might have intended to seek relief under 42 U.S.C. § 1983 pertaining to the conditions of his confinement, specifically, the handling of his medical care. Mr. Bond can't raise claims under 42 U.S.C. § 1983 about the conditions of his confinement in this habeas proceeding. *See* Moran v. Sondalle, 218 F.3d

647, 651 (7th Cir. 2000). He is free to file a separate lawsuit under 42 U.S.C. § 1983, subject to the usual constraints of the Prison Litigation Reform Act, including payment of the $350 filing fee. *See* 28 U.S.C. § 1915(b)(1).

For the foregoing reasons, the court:

(1) DISMISSES the petition without prejudice pursuant to Section 2254 Habeas Corpus Rule 4 because the claim is unexhausted;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DIRECTS the Clerk to close this case and send James D. Bond on a blank Prisoner Complaint (INND Rev. 8/16) form.

SO ORDERED on November 6, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT